IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES ROBERT BURNSWORTH, SR.       )
                                   )
        Plaintiff,                  )
                                   )
    v.                              )   Civil Action No. 13-1654
                                   )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
        Defendant.                  )

O R D E R

AND NOW, this 6th day of March, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                          s/Alan N. Bloch
                                          United States District Judge

ecf:      Counsel of record

---

[1] As stated above, substantial evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled, and little further discussion is necessary. The Court does note that the ALJ, throughout his decision, relied on multiple sources, including the various opinions, in making his findings. This is precisely what an ALJ is expected to do. See Wilkinson v. Commissioner of Soc. Sec., 558 Fed. Appx. 254, 256 (3d Cir. 2014). For instance, in addressing the opinions pertaining to Plaintiff's physical limitations offered by the consultative examiner, Dr. Victor Jabbour, M.D., and state reviewing agent Thomas Williamson, the ALJ reviewed the opinions together, pointing out their differences and explaining that he agreed, in part, with each to the extent that they were consistent with the objective findings in the medical evidence, which the ALJ reviewed at some length. Indeed, he actually adopted some of the findings from each of the two opinions in formulating Plaintiff's residual functional capacity ("RFC") and did not base his findings solely on one or the other. Likewise, contrary to Plaintiff's argument, the ALJ did not outright reject the opinions regarding Plaintiff's mental impairments, but rather gave them varying degrees of weight and thoroughly explained his reasons for doing so. Moreover, he clearly considered even the opinions to which he gave less weight, because the quite comprehensive RFC which he found incorporated most of the mental restrictions contained in those opinions.